IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. Joe Holt, | C/A No.: 1:21-2802-MGL-SVH |
| Plaintiff, | |
| vs. | ORDER |
| Rural Health Services, Inc., | |
| Defendant. | |

In this employment discrimination case, Dr. Joe Holt ("Plaintiff") alleges his former employer Rural Health Services, Inc. ("Defendant"), discriminated and retaliated against him based on his sex and disabilities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. §§ 12101, *et seq.* Plaintiff additionally brings claims for defamation, negligence, conversion, interference with contractual relationships, and abuse of process.

This matter comes before the court on Defendant's motion to compel, in which it argues Plaintiff has failed to adequately respond to Defendant's subpoena attempting to secure documents from The Family Center of Aiken, LLC ("The Family Center"). [ECF No. 43]. Plaintiff is the sole proprietor of The Family Center. [*See* ECF No. 45 at 1].

Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned grants Defendant's motion.

I.   Relevant Factual Background

On December 9, 2022, Defendant served Plaintiff with a subpoena requesting documents and discoverable information related to this case from The Family Center as follows:

> Documents requested include, but are not limited to, the following for the Applicable Time Period: Any and all business bank statements generated during Applicable Time Period for The Family Center of Aiken County, LLC; all income tax returns for The Family Center of Aiken County, LLC, all profit and loss statements, and monthly, quarterly and/or annual financial statements for The Family Center of Aiken County, LLC for the Applicable Time Period; records of business expenses; all documents showing all wages payments and/or other payments made to Joe Holt (whether as an owner, employee, independent contractor, or otherwise); all payroll records; W-2 forms, 1099 forms, monthly revenue statements for each month of the year for 2014 through the present; list of all employees of The Family Center of Aiken County, LLC and date of hire; patient census data, including documents showing the number of patient visits and appointments each month, including type of appointment; and documents (if any) describing all benefits furnished to covered employees of The Family Center of Aiken County, LLC or by which the worker(s) are covered in connection with services provided, including medical insurance, life insurance, disability insurance, retirement, 401K, other savings plans, etc., and any other employment or personnel records kept in the normal course of your business.

[ECF No. 43-1 at 11–15]. Defendant requested that the documents and discoverable information be provided by January 6, 2023. *Id.* at 12. Plaintiff failed to respond to this subpoena request.

Defendant represents that on February 6, 2023, Defendant served Plaintiff with a second subpoena requesting documents and discoverable information related to this case from The Family Center. *See id.* at 2. Defendant also represents that it determined that the mailing address on the previous two subpoena requests may have not been the correct address. Therefore, on February 7, 2023, Defendant served Plaintiff with a third subpoena requesting documents and discoverable information related to this case from The Family Center at the following address: 1117 Georgia Avenue, North Augusta, SC 29841. *See id.* at 2. Defendant requested that the documents and discoverable information be provided by February 15, 2023. *See id.*

The parties do not dispute that, thereafter, counsel for each side conferred, with Plaintiff's counsel informing Defendant's counsel that he was gathering information responsive to the subpoena. [*See* ECF No. 43 at 2]. The

parties also appear to agree that Plaintiff provided responsive documents to the subpoena on February 17, 2023 and March 1, 2023.[1]

II. Discussion

Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . ." Here, Plaintiff, as the party resisting discovery, has the burden to establish that the information is not relevant or proportional to the needs of the case. *See, e.g., Waters v. Stewart*, C/A No. 4:15-4143-RBH-TER, 2017 WL 770535, at *2 (D.S.C. Feb. 28, 2017).

Plaintiff has not made the requisite showing. In response to Defendant's motion to compel, Plaintiff's counsel provides in relevant part the following:

> Around the time of the subpoena, Plaintiff was involved in, and testifying in, in a court proceeding in another state. Plaintiff was a witness regarding one of his patients. Plaintiff needed additional time to compile the information sought by the subpoena. Plaintiff's counsel is not involved in obtaining such documents, because counsel does not represent The Family Center of Aiken, LLC, so the compilation is solely the Plaintiff's responsibility. Plaintiff does not have staff to assist in the subpoena response.
>
> Plaintiff's counsel informed Defendant's counsel of the non-representation disclaimer and the intent to expedite production, by providing the documents to Defendant's counsel after receipt

---

[1] Per the court's scheduling order, the discovery deadline in this case was February 17, 2023. [ECF No. 38]. Defendant filed the instant motion to compel on the same day. [*See* ECF No. 43].

4

from Plaintiff. The Family Center of Aiken, LLC produced documents response to the subpoena to Defendant on February 17, 2023. The Family Center of Aiken, LLC produced supplemental documents responsive to the subpoena to Defendant on March 1, 2023.

[ECF No. 45 at 1–2].

Although Defendant does not dispute that some documents have been produced, Defendant argues in part as follows:

> Plaintiff's Memorandum does not adequately address the deficiencies in Plaintiff's subpoena response to date and Defendant requests that Plaintiff appropriately supplement his subpoena response or otherwise indicate that he has produced all responsive documents in his possession, custody, or control that are responsive to the subpoena to The Family Center of Aiken County, LLC. Specifically, Defendant requests that the Court issue an order compelling Plaintiff to fully respond to Defendant's subpoena request to produce business and financial documents kept in the normal course of the business of The Family Center of Aiken County, LLC or to provide an affidavit that no such documents exist and that he has produced all documents responsive to the request within 10 days from this Reply, or by March 20, 2023.

[ECF No. 46 at 1].

Defendant represents that the following documents have been produced:

> Plaintiff's Counsel sent a document that appeared to be drafted for purposes of the subpoena response and was titled, "Teaching Credentials by Areas and Courses." Also enclosed was a document that allegedly included income following Plaintiff's departure from employment with Defendant yet included what appeared to potentially be The Family Center of Aiken County, LLC's expenses . . . . Plaintiff's Counsel sent [additional] documents with no additional context that appeared to be

5

> payments from Molina and Select Health despite Plaintiff's prior representation that no funds were apparently received by The Family Health Center of Aiken County, LLC. Plaintiff's Counsel also produced a document from a billing services company stating that The Family Health Center of Aiken County, LLC had not, as of January 21, 2021, submitted claims for receipts, check copies, or any other reports regarding reimbursements to be posted to patient accounts.

*Id.* at 3.

Defendant's motion to compel is granted where it appears that the documents sought by Defendant are discoverable, where it appears Defendant has not received all requested documents, and where Plaintiff has not objected to the scope or applicable time period for such business and financial documents kept in the normal course of the business as requested nor has provided a fully executed and signed copy of the Certificate of Authority included with Defendant's subpoena. [*See* ECF No. 43-1 at 9].

III.  Conclusion

For the foregoing reasons, the undersigned grants Defendant's motion to compel. [ECF No. 43]. Plaintiff is directed to provide complete responses to Defendant's subpoena request to produce business and financial documents kept in the normal course of the business of The Family Center or to provide an affidavit that no such documents exist and that he has produced all documents responsive to the request no later than March 20, 2023. Plaintiff's failure to comply with the court's order may result in a recommendation that

6

this case be dismissed for failure to participate in discovery and/or sanctions, including payment of Defendant's attorneys' fees and costs in preparing the instant motion to compel.

    IT IS SO ORDERED.

March 14, 2023                          Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge