

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| DR. JOE HOLT, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 1:21-2802-MGL |
| | § | |
| RURAL HEALTH SERVICES, INC., | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
TO THE EXTENT IT DOES NOT CONTRADICT THIS ORDER,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AS TO PLAINTIFF'S FEDERAL CLAIMS,
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFF'S STATE CLAIMS,
AND REMANDING THOSE CLAIMS TO STATE COURT**

Plaintiff Dr. Joe Holt (Holt) filed this job discrimination action against his former employer, Rural Health Services, Inc. (RHS) in the Aiken County Court of Common Pleas. RHS subsequently removed the case to this Court.

Holt brings federal claims for disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12102, et seq., as amended by the ADA Amendments Act of 2008, effective January 1, 2009, 42 U.S.C. §§ 12101, et seq. (ADA); and claims for sex discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII). He also brings state claims of defamation, abuse of process, interference with contractual relationship, negligence, and conversion.

The Court has jurisdiction over Holt's federal claims pursuant to 28 U.S.C. § 1131 and over his state claims under 28 U.S.C. § 1367.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting RHS's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 21, 2023, Holt filed his objections on July 5, 2023, and RHS filed its reply on July 19, 2024. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Holt presents nineteen objections to the Report. First, he contends the Magistrate Judge "err[ed] in making factual determinations about [his] intent when he made a call to Aiken's Department of Public Safety on June 29, 2020." Objections at 2 (emphasis omitted). Holt maintains his call was solely based on his safety concerns.

In RHS's reply, it states "[n]owhere in the [Report] does the Magistrate Judge provide any factual determinations about [Holt's] intent when calling the Aiken County Department of Public Safety." Reply at 6.

As per the Report,

2

> On June 29, 2020, at 8:19 a.m., [Holt] contacted Aiken County Police, concerning an incident he witnessed in [RHS's] parking lot, reporting as follows, as recorded by the operator: "Blk truck flew thru parking lot and now they are sitting in the woods occupied by two people [unknown] description."
>
> As testified by [Holt]: "I called the police on a reckless driver in the parking lot . . . I did not know whose vehicle it was, so I could not how would you say, do that. So, yeah, so it was a dark truck with tinted windows. You couldn't see in, I couldn't tell who was there. And I just wasn't—I felt like I was—it was an unsafe situation."
>
> The next day, in a letter dated June 30, 2020, signed by [one of Holt's supervisors], [Holt] was informed . . . his employment had been terminated.

Report 13-14 (citations omitted).

The Court agrees with RHS: it is unable to find any indication the Magistrate Judge made a factual determination as to Holt's intent when he called Aiken's Department of Public Safety on June 29, 2020.  Therefore, the Court will overrule this objection.

Second, Holt maintains the Magistrate Judge "err[ed] in making factual determinations about the consequences of [his] call to Aiken's Department of Public Safety on June 29, 2020." Objections at 4 (emphasis omitted).

Holt contends the Magistrate Judge "err[ed] by adopting [RHS's] arguments . . . [Holt] was racially motivated to complain about the African American driver of the vehicle and ignores . . . [Holt] told the Aiken Department of Public Safety dispatch on June 29, 2020, and consistently thereafter, . . . he did not know who was recklessly driving the vehicle . . . he was reporting for safety concerns." *Id*. at 5.

According to RHS, however, "nowhere in the [Report] does the Magistrate Judge adopt [RHS's] arguments . . . [Holt] was racially motivated to complain about the African American driver of the vehicle, and [RHS] never made any such accusation[.]" Reply at 6 (citation omitted) (internal quotation marks omitted) (alteration marks omitted)..

3

The Court has read and reread the Report and is unable to find any evidence the Magistrate Judge suggested Holt's call to law enforcement was race related. Thus, the Court will overrule this objection, too.

Third, Holt maintains the Magistrate Judge "erred by finding . . . .[Holt] had to put forth evidence of a fact . . . not in dispute." Objections at 6. According to Holt, he "has celiac disease, and he was treated for celiac disease by [RHS's] own physicians. That [he] has celiac disease is an undisputed fact." *Id*.

RHS maintains, however, "the Magistrate Judge thoroughly assessed all of [Holt's] evidence in the light most favorable to him related to his celiac and found . . . he did not have a qualifying disability under the ADA." Reply at 7.

Holt is correct: "That [he] has celiac disease is an undisputed fact." Objections at 6. But, having celiac disease, without evidence of it being disabling, is an insufficient basis for a colorable ADA claim.

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). As the Magistrate Judge noted,

> Celiac disease might substantially limit a major life activity of an individual, but . . . . [h]ere, [Holt] has declined to produce any medical information or other evidence in support of his argument . . . he has a disability as defined by the ADA, beyond his own testimony stating he was diagnosed with celiac, he is not on medication, he manages it by not eating gluten or avoiding gluten as

4

> much as possible, and when you have celiac, you have to dash to the bathroom.

Report at 18-19 (citation omitted) (internal quotation marks omitted) (alteration marks omitted).

As the Ninth Circuit has recognized,

> [t]hough . . . eating is a major life activity, we do not . . . invite all those on a diet to bring claims of disability. Not every impediment to the copious and tasty diets our waistlines and hearts cannot endure is a substantial limitation of the major life activity of eating. We must carefully separate those who have simple dietary restrictions from those who are truly disabled.

*Fraser v. Goodale*, 342 F.3d 1032, 1041 (9th Cir. 2003).

Here, Holt's claim is merely of a dietary restriction. Thus, the Court will also overrule this objection.

Fourth, Holt "objects to the [Magistrate Judge's] finding that, 'even if the court were to assume [Holt] had a disability as defined by the ADA and could otherwise make a prima facie showing, there is no indication in the record . . . [Holt] was discharged, or otherwise discriminated against, because of his celiac disease or because of any other health concerns.'" Objections at 6 (quoting Report at 19). Holt points to several documents in the record he submits are evidence of his unlawful termination or discrimination.

RHS contends, however, that Holt "fails to provide any explanation as to how any proffered evidence supports an assertion . . . he was wrongfully terminate[.]" Reply at 8,

The Court has carefully reviewed those documents, but is unpersuaded they establish what Holt says they do. As the Magistrate Judge noted,

5

> Holt has offered no evidence, including his own testimony, that he was terminated because of celiac disease or any other health-based reason. Instead, [he] testified . . . he was terminated because on the day before his termination he called police officers concerning another employee's child allegedly driving recklessly in [RHS's] parking lot, a reason [RHS] admitted was a factor in [Holt's] termination.

Report at 20. Thus, the Court will also overrule this objection.

Fifth, Holt "objects to the [Magistrate Judge's] performance findings." Objections at 7 (emphasis omitted). Specifically, Holt takes issue with the following statement from the Report: "[RHS] states . . . [Holt's] employment was terminated because of his multiple performance-related issues. [Holt] fails to address [RHS's] evidence concerning these issues, but, in rebuttal, offers only his latest March 16, 2020[,] annual review[.]" Report at 19 (citations omitted) (internal quotation marks omitted).

According to Holt, however, his "evidence . . . his performance review was meeting expectations is evidence showing there are materials facts in dispute." Objections at 7. In reply, RHS states, "the Magistrate Judge appropriately considered [his] March 16, 2020, annual review[.]" Reply at 8.

In the Report, the Magistrate Judge stated as follows:

> [Holt] offers only his latest March 16, 2020 annual review, where he was generally found to have met expectations, except in the categories of quality of work and organization and planning, and where [Holt] was informed in part, and not for the first time, that "[c]ompliance with chart closure policy needs improvement. Employee must close charts within [three] days. [Supervisor stated she is] closely monitoring to ensure . . . this is corrected[,]" [Holt] additionally fails to address evidence of performance-related issues that followed this assessment specifically discussed, including [his Supervisor's] June 15, 2020[,] email concerning ongoing charting concerns.

Report at 19-20 (internal quotation marks omitted) (citations omitted).

This Court "does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination." *DeJarnette v.*

6

*Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). Nevertheless, this is not a close call. There is a plethora of evidence in the record to support RHS's decision to terminate Holt's employment. The Court is unable to agree there are any material facts as to this issue in dispute.

Consequently, the Court will overrule this objection, too.

In Holt's sixth objection, which is closely related to his fifth one, Holt asserts the Magistrate Judge "erred by finding . . . [Holt] failed to address [RHS's] performance related assertions." Objections at 7. He then lists from his response in opposition to RHS's motion for summary judgment what he says were his response to RHS's arguments and evidence concerning his performance issues.

Holt maintains he had a positive job performance evaluation on March 16, 2020, and '[n]o discipline was issued to [him] between March 16, 2020[,] when he received a meeting expectations performance review and his termination on June 30, 2020." *Id*. at 8.

RHS argues, however, Holt's "objection . . . ignores the fact . . . the same performance review he alleges proves . . . he was meeting expectations shows . . . he had several performance issues[.]" Reply at 9.

RHS is correct. Holt fails to address the Magistrate Judge's statement "he was generally found to have met expectations, except in the categories of quality of work and organization and planning, and . . . was informed in part, and not for the first time," [his charting practices needed to be improved]." Report 19-20.

He also neglects to mention the following June 15, 2020, email from his supervisor:

> Hello Joe, I have been reviewing some of your charts from the past week and I'm seeing in some of the charts you are copying and pasting. . . . For example, in all the charts I have seen all the patients had no psych symptoms. Going forward if you are going to use the template be specific in identifying the client symptoms.

RHS's Motion for Summary Judgment, Exhibit M.

Accordingly, the Court will overrule this objection, as well.

Seventh, Hold claims "[t]he [the Magistrate Judge] erred by finding '[Holt] has failed to establish . . . he asked for any reasonable accommodation that was denied.'" Objections at 9 (quoting Report at 21). According to RHS, however, Holt's "[t]he Magistrate Judge properly concluded . . .[Holt] failed to establish . . . he asked for and did not receive reasonable accommodations from [RHS] for his celiac." Reply at 9.

Holt's objections center around accommodations concerning COVID. But, as the Magistrate Judge stated, "concerning the availability of PPE during COVID and other accommodations related to COVID, [Holt] has failed to submit evidence connecting the need for these accommodations with celiac." Report at 22.

Thus, the Court will overrule this objection, too.

Holt's eighth objection is similar to his seventh one. In this objection, he states "[t]he Magistrate Judge] err[ed] by finding . . . [Holt] 'failed to establish . . . he asked for and did not receive reasonable accommodations from [RHS] or that his employment was terminated for any reason related to his disability, or his sex[.]'" Objections at 10 (quoting Report at 24).

According to Holt, he "engaged in an ADA protected activity when he reported . . . he needed accommodations for his disability and the complaints about the denials of necessary PPE and accommodations for his disability during the COVID-19 pandemic. RHS "willfully retaliated against [him] by denying accommodations . . . and terminating [him] because of his protected activities under ADA." *Id.*

RHS maintains, however, that "[t]he Magistrate Judge properly concluded . . . [Holt] failed to establish . . . he asked for and did not receive reasonable accommodations from [RHS] for his celiac or that his employment was terminated for any reason related to any alleged disability." Reply at 9.

As the Court already observed, the Magistrate Judge ably noted, "[a]s to [Holt's] arguments concerning the availability of PPE during COVID and other accommodations related to COVID, [he] has failed to submit evidence connecting the need for these accommodations with celiac." Report at 22. "Instead," as the Magistrate Judge stated, Holt "argues . . . he was at high risk for COVID because of his high blood pressure and diabetes. However, the record does not indicate . . . [Holt] notified [RHS] . . . he needed accommodations for high blood pressure or diabetes." *Id*. (citation omitted).

In this objection, Holt also contends the Magistrate Judge "err[ed] by finding . . . .[he] solely relies on temporal proximity between his complaints and termination to support his retaliation claim." Objections at 10. But, as RHS correctly noted, however "[t]he Magistrate Judge never stated . . . [Holt] relied solely on temporal proximity, but determined . . . [he] was unable to solely rely on temporal proximity" to support a finding of pretext. Reply at 10

Consequently, for all these reasons, the Court will also overrule this objection.

Ninth, Holt says "[t]he [the Magistrate Judge] erred by recommending the dismissal of [his] Title VII wrongful termination claim." Objections at 10 (emphasis omitted). According to Holt, "[i]n error, the [Magistrate Judge] found . . . 'the evidence cited by [Holt] does not support his argument . . . the relevant decision makers were aware of any complaints of harassment or that, even if they were, this knowledge evinces pretext.'" *Id*. (quoting Report at 26). He then points to text messages between himself and another RHS employee in an attempt to show the decision makers were aware of his claims of harassment.

RHS replies, however, that "[t]he Magistrate Judge . . . appropriately determined . . . the evidence [Holt] cited does not support his argument that the relevant decision-makers were aware of any complaints of harassment or that, even if they were, this knowledge evinces pretext." Reply at 10.

9

The Court has reviewed the text messages between Holt and another RHS employee and concludes they fail to demonstrate those who decided to terminate Holt were aware of his harassment allegations. As such, Holt is unable to demonstrate his Title VII wrongful termination claim should survive summary judgment inasmuch as he is unable to establish his termination was a violation of Title VII..

Thus, the Court will also overrule this objection.

In Holt's tenth objection, which is closely related to his ninth one, he alleges "[t]he Magistrate Judge] erred by finding . . . '[Holt] has failed to submit evidence . . . [RHS] knew or should have known about the alleged harassment.'" Objections at 11 (quoting Report at 28). Thus, according to Holt, his "evidence of sexual harassment is sufficient to deny summary judgment." *Id*. (emphasis omitted).

In RHS's reply, one of its arguments as to why the Court should overrule this objection is because Holt makes some new arguments here that he failed to offer to the Magistrate Judge. According to RHS, courts in this district have "routinely held that as a district court reviewing a Magistrate Judge's [Report], it need not consider the merits of new arguments raised for the first time in a plaintiff's objections to the [Report]." Reply at 12. RHS then cites to several courts that have held as such. *See, e.g.*, *Addison v. CMH Homes, Inc.*, 47 F. Supp. 3d 404, 412 (D.S.C. 2014) ("The Court is also not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate's Report."). But, the Court respectfully disagrees with those district courts on this matter.

The Federal Magistrate's Act (the Act) provides that a district court, when reviewing a Magistrate Judge's Report and Recommendation, "shall make a de novo determination of those portions of the [R]eport or specified proposed findings or recommendations to which objection is made[.]" 28 U.S.C. § 636(b)(1). And, as per controlling precedent from the Fourth Circuit, "as part of its obligation to determine de novo any issue to which proper objection is made, a district court

10

is required to consider all arguments directed to that issue, regardless of whether they were raised before the [Magistrate Judge]." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (footnote omitted).

This is so because, "[b]y definition, de novo review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to de novo review must be permitted to raise before the [C]ourt any argument as to that issue that it could have raised before the [Magistrate Judge]." *Id*.

Holt's sexual harassment claim centers around his interaction with Dr. Kenneth Jones (Jones), who Holt stated was the supervisor over behavioral health at RHS. RHS maintains "the Magistrate Judge appropriately analyzed the evidence . . . [Holt] purports supports his sexual harassment claim and found . . . [Holt] failed to establish a claim for Title VII sexual harassment." Reply at 12.

To state a prima facie case of sexual harassment here, Holt must show: (1) he was harassed because of his sex; (2) the harassment was unwelcome; (3) the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) some basis exists for imputing liability to the employer. *Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 772 (4th Cir.1997).

As to the "severe or pervasive" requirement,

> Our circuit has . . . recognized . . . plaintiffs must clear a high bar in order to satisfy the severe or pervasive test. Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard. Some rolling with the punches is a fact of workplace life. Thus, complaints premised on nothing more than rude treatment by coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable under Title VII.

*E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008) (citations omitted) (internal quotation marks omitted) (alteration marks omitted).

According to Holt,

> [he] was subjected to unwelcome sexual harassment and treatment based on sex from [RHS's] employee Dr. Kenneth Jones while working at [RHS]. [RHS] knew or should have known of the harassment and took no effective remedial action. Such unwanted sexual conduct created an intimidating and hostile work environment and was subjectively viewed by [Holt] to be abusive. The harassment was a continuing act. The conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere. [Holt's] complaints about the discriminatory workplace environment were disregarded. Sufficient evidence is put forth for a reasonable jury to find . . . that harassment prohibited by Title VII occurred.

Holt's Response to RHS's Motion for Summary Judgment at 29.

Suffice it to say, as the Court has stated above, Holt has failed to submit evidence RHS knew or should have known about the alleged harassment. In addition, he is unable to clear the "high bar" necessary to satisfy the severe or pervasive element to establish this claim.

As such, the Court will overrule this objection, too.

Eleventh, Holt "objects to this Court's exercise of supplemental jurisdiction if this Court were to adopt the [the Magistrate Judge]'s recommendations dismissing his federal law claims." Objections at 13 (emphasis omitted). According to Holt, "[i]f this Court were to dismiss [Holt's] four federal law claims, the appropriate action would be to remand the remaining state law claim back to state court – where it was originally filed." *Id.* at 14.

RHS, on the other hand, contends the Court should exercise supplemental jurisdiction over Holt's state claims. In one of its arguments in support of this position, it contends "[f]or the first time in [Holt's] objections, [he] raises a new argument that he objects to the Court's discretionary exercise of supplemental jurisdiction[.]" Reply at 17. As before, RHS maintains courts in this district have "routinely held . . . [they] need not and should not consider the merits of new arguments raised for the first time in a plaintiff's objections to the [Report]." Reply at 17. But, as the Court stated earlier, it disagrees with those courts.

12

Of Holt's claims, five are state law claims: defamation, abuse of process, interference with contractual relationship, negligence, and conversion. As per 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all . . . claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The Court can decline to exercise supplemental jurisdiction over a plaintiff's state law claims, however, once it "has dismissed all claims over which it has original jurisdiction." *Id*. And, the Court has "wide discretion" to do so. *Yashenko v. Harrah's NC Casino Co*., 446 F.3d 541, 553 n.4 (4th Cir. 2006). "There are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

The Supreme Court has long held "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted).

The Supreme Court, however, later made clear this statement fails to establish a mandatory rule to be applied, without any flexibility, in all cases. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("The statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

The Court will briefly address each of those considerations. Concerning the judicial economy factor, discovery and briefing on Holt's state claims are complete. Only minor changes

13

to the parties's summary judgment submissions regarding the state claims will be required before filing them in state court.

Either this Court or the state court will be required to rule on RHS's motion for summary judgment as to Holt's five state claims; and if the decision is to deny summary judgment on any of those claims, the denying court will be required to try the case, if the parties are unable to settle. The Court assumes each court would take the same amount of time to complete these tasks. Thus, the Court is unable to say the judicial economy consideration factor weighs in favor of either its exercising or declining to exercise supplemental jurisdiction over Holt's state claims.

As to the convenience to the parties, "Holt . . . is a citizen and resident of Aiken County, South Carolina." Complaint ¶ 1. And, RHS "does business in Aiken County[.]" *Id.* ¶ 2. Thus, it appears the convenience consideration favors having Holt's state claims heard by the state court located in Aiken County.

In respect to the fairness question, it is totally fair to allow Holt to have his state claims considered in the court in which he filed them, the Aiken County Court of Common Pleas. RHS has failed to establish that forum is unfair to it. As such, the fairness factor also favors the Court declining to exercise supplemental jurisdiction over Holt's state claims.

Concerning the comity consideration, had this case had only state claims, RHS would have been unable to remove it to this Court. Supplemental jurisdiction allowed that, when those state claims were coupled with Holt's federal claims. But, those federal claims are now gone. All that remains is Holt's state claims.

The Court has reviewed RHS's motion for summary judgment as to Holt's state claims. After careful consideration,, the Court is of the opinion some of those claims might well survive summary judgment, thus requiring a trial on the merits, if the parties fail to settle the matter. The Court is of the firm opinion South Carolina has a strong interest in adjudicating those state claims in state court.

Further, the state appellate court can correct any error a state trial court makes in applying state law. But, it is unable to correct an error a federal district court or court of appeals might make in their consideration of a state law claim.

The Court also notes: absent from the record is any evidence or even suggestion there exists any underlying issues of federal policy favoring the Court exercising supplemental jurisdiction over Holt's state claims. Consequently, for all these reasons, the comity consideration also supports the Court declining to exercise supplemental jurisdiction over Holt's state law claims.

The Fourth Circuit has suggested the Court can consider additional factors when deciding whether to exercise supplemental jurisdiction. *Cahill*, 58 F.3d at 110 ("Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.").

Thus, the Court has also given weight to Holt's choice of forum in deciding whether to exercise supplemental jurisdiction over Holt's state law claim. *See Voda v. Cordis Corp.*, 476 F.3d 887, 904 (Fed. Cir. 2007) (noting the plaintiff's choice of forum is a factor in considering the exercise of supplemental jurisdiction).

Holt filed this case in the Aiken County Court of Common Pleas, his obvious choice of forum for this lawsuit. He also requests the Court remand it there for consideration of his state law claims. Therefore, this consideration also weighs in favor of the Court refraining from exercising supplemental jurisdiction over his state law claims.

In sum, the Court is of the firm opinion it should decline to exercise supplemental jurisdiction over Holt's state law claims. In other words, the Court thinks a state court, not a federal one, should consider Holt's state claims. Thus, for all these reasons, the Court will sustain Holt's objection to the Court's exercising supplemental jurisdiction over his state law claims. As such, it will deem as moot Holt's objections concerning the merits of his state claims.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Holt's objections concerning his federal claims, sustains his objection concerning supplemental jurisdiction, and deems as moot his objections concerning the merits of his state law claims.  Further, it adopts the Report to the extent it does not contradict this Order, and incorporates it herein.

It is therefore the judgment of the Court RHS's motion for summary judgment as to Holt's federal claims is **GRANTED**.  But, it will decline to exercise supplemental jurisdiction over Holt's state claims.  Consequently, those claims are **REMANDED** to the Aiken County Court of Common Pleas for adjudication there.

**IT IS SO ORDERED**.

Signed this 1st day of February, 2024, in Columbia, South Carolina.

                                              /s/ Mary Geiger Lewis  
                                              MARY GEIGER LEWIS  
                                              UNITED STATES DISTRICT JUDGE